1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    WALLY S. ALI,                          Case No.  1:15-cv-00270-KJM- SKO

10               Plaintiff,                 **FINDINGS AND RECOMMENDATIONS
                                            THAT PLAINTIFF'S COMPLAINT**
11         v.                               **SHOULD BE DISMISSED WITH
                                            PREJUDICE FOR FAILURE TO**
12                                          **PROSECUTE**

13   EXPERIAN INFORMATION SOLUTIONS,        **OBJECTIONS DUE: 14 DAYS**
     INC.; EQUIFAX, INC.,
14
                 Defendants.
15   _____/

16

17

18                              **INTRODUCTION**

19         Plaintiff Wally S. Ali ("Plaintiff") removed this to federal court from Fresno County

20   Superior Court in February of 2015.  (Doc. 1.)  A case management conference ("CMC") was set

21   for April 16, 2015 (Doc. 3) and a scheduling conference was set for May 19, 2015 (Doc. 2).

22   Defendant Equifax, Inc. filed an answer with a jury demand on February 26, 2015.   (Doc. 6.)

23   Defendant Tran Union, LLC, was dismissed from the case on March 3, 2015.  (Docs. 9; 10.)

24         Because no proof of service was filed and Defendant Experian Information Solutions, Inc.

25   ("Experian") had not yet answered the complaint, the Court continued the CMC and consolidated

26   it with the scheduling conference on May 19, 2015, and ordered Plaintiff to file proof of service or

27   a status report indicating whether Plaintiff intended to continue to prosecute this case against

28   Defendant Experian.  (Doc. 11.)

1    The May 19, 2015, scheduling conference was vacated following reassignment of the case

2  to District Judge Kimberly J. Mueller.  (Doc. 12.)  On May 21, 2015, Judge Mueller referred the

3  matter to the undersigned for all pretrial scheduling.  (Doc. 14.)

4    On May 22, 2015, the scheduling conference was reset for July 30, 2015, and Plaintiff was

5  ordered to address the status of Defendant Experian in the parties' joint scheduling report.

6  (Doc. 15.)  Although the parties were ordered to file a joint scheduling report one week before the

7  July 30, 2015, scheduling conference (Doc. 15), no joint report was filed.

8    On July 27, 2015, the Court issued an Order to Show Cause ("OSC") why sanctions up to

9  and including dismissal should not be imposed for failure to prosecute, and reset the scheduling

10  conference and set the OSC hearing for August 27, 2015.  (Doc. 17.)  Although Plaintiff was

11  ordered to file a statement showing why sanctions should not be imposed for failing to comply

12  with the Court's May 22, 2015, minute order by no later than August 13, 2015 (Doc. 17), no such

13  statement was filed.  Additionally, no joint report was filed as required in advance of the August

14  27, 2015, scheduling conference.

15                                        **DISCUSSION**

16    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules

17  or with any order of the Court may be grounds for the imposition by the Court of any and all

18  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

19  control their dockets and "[i]n the exercise of that power they may impose sanctions, including,

20  where appropriate ... dismissal."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

21  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

22  failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*,

23  46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

24  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

25  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.1988)

26  (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of

27  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for

28  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

1  (dismissal for failure to prosecute and failure to comply with local rules).

2          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

3  order, or failure to comply with local rules, the court must consider several factors: (1) the public's

4  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

5  risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their

6  merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639,

7  642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831); *Henderson*,

8  779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at

9  53.  "The public's interest in expeditious resolution of litigation always favors dismissal."

10  *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.

11  1999)).

12          Here, the Court finds that the public's interest in expeditiously resolving this litigation and

13  the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of

14  prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises

15  from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542

16  F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on

17  their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

18  a court's warning to a party that his failure to obey the court's order will result in dismissal

19  satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833

20  F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's July 27, 2015, order expressly ordered

21  Plaintiff to file a statement why sanctions should not be imposed for failing to comply with the

22  Court's May 22, 2015, minute order requiring Plaintiff to address the status of his prosecution of

23  the complaint.  (Doc. 17.)  Thus, Plaintiff had adequate warning that sanctions, up to and including

24  dismissal of the case, would result from his noncompliance with the Court's July 27, 2015, order.

25          Because Plaintiff still has not filed any proof of service, the Court has no information

26  whether Defendant Experian has been served.  As no joint report has been filed, the Court has no

27  information as to the status of Plaintiff's case against Defendant Equifax, Inc.  Despite the Court's

28  repeated admonitions, Plaintiff has exhibited no intent to proceed with prosecuting his case.

1  Pursuant to Local Rule 110 and the Court's inherent power to sanction, the undersigned
2  RECOMMENDS that this case be DISMISSED with prejudice.

3  **CONCLUSION AND RECOMMENDATION**

4  Accordingly, IT IS HEREBY RECOMMENDED that this case be DISMISSED with
5  prejudice for failing to comply with the Court's July 27, 2015, order.

6  These findings and recommendations are submitted to the district judge assigned to this
7  action, pursuant to 28 U.S.C. § 636(b)(1) (B) and this Court's Local Rule 304.  Within fourteen
8  (14) days of service of this recommendation, any party may file written objections to these
9  findings and recommendations with the Court and serve a copy on all parties.  Such a document
10 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
11 district judge will review the magistrate judge's findings and recommendations pursuant to
12 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the
13 specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772
14 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

15
16 IT IS SO ORDERED.

17 Dated:   **August 25, 2015**                              **/s/ Sheila K. Oberto**
18                                                            UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28

4